## Mullinax v. Commonwealth.

(Decided October 4, 1927.)

### Appeal from Bell Circuit Court.

Criminal Law.—In trial for malicious shooting, court's failure to act on objection to county attorney's statement that it was conclusively proven by five witnesses that defendant got out of car at

another place than he claimed was prejudicial error, where court had properly admonished jury that such testimony could be considered only as affecting credibility of defendant's witness, and defendant's identity and presence at time of shooting was disputed.

ISHAM G. LEABOW for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

On the night of July 22, 1924, the residence of Robert Killian, situated at the Climax Coal Company's camp, was broken. Killian claimed to have seen three parties passing in a Chevrolet car about that time and procured Tom Cinnamon, Gordon Turner, and Robert Turner to assist him in apprehending the perpetrators. The four undertook pursuit in a Ford car and met a Chevrolet car driven by Jesse Ellis. They stopped Ellis, got out of the car, and discussed the propriety of sending for an officer to arrest him. Two men came on the pike from a hollow about 100 yards distant and approached them. One of these was carrying an illicit still, and the other some articles in a gunny sack which later proved to be accessories of the still. As the two men approached, some one turned on the lights, and as they neared the car several shots were fired by each party; Tom Cinnamon being wounded twice. Charged with this shooting, John Mullinax was convicted of the crime of malicious shooting and wounding; he appeals.

Cinnamon testifies that, as the parties approached the car, he walked between them, that without any provocation Mullinax shot him twice, and he is positive as to the identification. His evidence is corroborated by Killian and Robert Turner; all three stated that they were well acquainted with Mullinax. Gordon Turner, the fourth man in this party, testifies in a similar way as to the facts of the shooting, but was unable to identify either of the two men as John Mullinax, although he knew the latter well and had a clear vision of the affray. Mullinax lived about three miles distant in the direction of Middlesboro, but owned a farm a mile beyond Climax in the opposite direction, and occupied by General Turner. He testifies that he had been at work during the

day at home, and had been informed by General Turner that a plot existed to plant some illicit liqnor on his place that night, and that he employed Ellis to drive him to Turner's, that they passed Climax about 12 o'clock, and he got out of the car about a mile beyond, and at the nearest point in the road to Turner's house, and that Ellis returned. He knew nothing of the housebreaking and heard no shooting; upon his arrival at Turner's he found a deputy sheriff and several other persons who had been called in to watch the premises, and remained with them the rest of the night. He was not present at the time Cinnamon was shot, and knew nothing of this. As to his presence on the Turner place, he is corroborated by five or six witnesses, including the deputy sheriff.

Ellis testifies as to carrying Mullinax from his home to a point near the Turner place and leaving him there and being intercepted by the parties in the Ford car on his return, and denies that Mullinax was present. On cross-examination, he was asked if, while he was being detained on the charge of breaking into the house, he did not say, "If you think I was the one who broke the house, you just wait until John Mullinax gets here; he was with me in my car and will prove to you that I didn't;" and if, when asked the question by those parties, "Where are those two fellows who were with you in this car?" he did not say, "They got out right down at that hollow," pointing to a little hollow about 100 yards from where they were; "that they got out for a job of nature and would be up." His answer was, "No, sir; I didn't," whereupon the other witnesses were recalled by the commonwealth and contradicted Ellis in this particular, and the court properly admonished the jury as to the effect of this evidence.

In his argument to the jury, the county attorney. stated:

> "It is proven that defendant got out of the Ellis car at the mouth of the very hollow that the two men came down into the road carrying a still."

Defendant objected, but before the court could rule the attorney continued:

> "I know the rules of evidence, and it is conclusively proven by five witnesses that Mullinax got out of the car at this hollow instead of where he claims to have gotten out."

The court took no action. The evidence of the five witnesses as to Ellis' statement in that regard could be considered only as affecting his credibility, and the court had so admonished the jury, but counsel for the commonwealth, in disregard of that admonition, treated it as substantive evidence, and made it the basis of his argument, claiming that it was conclusively proven that Mullinax got out of the car at that hollow and was present at the time of the shooting and did this over defendant's objection and with the tacit approval of the court. The admonition of the court as to the effect of the evidence was of little value if it could be flouted by counsel in this way. Admittedly it was error not to rule on this objection. And, in view of the contradiction in evidence as to Mullinax's presence at the time of the shooting and of his identity, this was clearly prejudicial. For this reason the case must be reversed.

Wherefore the judgment is reversed, and cause remanded, for proceedings consistent with this opinion.